IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,      :

    Plaintiff,            :

  v.                             :     Case No. 2:07-mj-0025-TK

Asad Javed,                    :     MAGISTRATE JUDGE KEMP

    Defendant.            :

ORDER

    The above defendant appeared before the Court for a preliminary hearing and detention hearing on February 2, 2007. The defendant waived his preliminary hearing, and the Court ordered the defendant detained pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was charged in a criminal complaint with two offenses, both related to the allegation that he fraudulently obtained a visa to enter the United States and that he has been residing in this country illegally since 1999. According to the complaint, Asad Javed is not his real name, and he is a Pakistani citizen whose name and background is unknown. However, he continued to provide the Court with that name when the Pretrial Services Report was prepared. It appears from that report that he has a wife and child in Pakistan. The Bureau of Immigration and Customs Enforcement has now lodged a detainer against him, and it appears that he is subject to deportation. The United States argued that he is a risk of flight, a matter upon which the United States has the burden of proof by a preponderance of the evidence.

    In determining whether the United States has met its burden

of proof, the Court is required to look at the factors described in 18 U.S.C. §3142(g).  That section of the Bail Reform Act requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  <u>See</u>, <u>e.g.</u>, <u>United States v. Arvanitis</u>, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is a risk of flight or is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  <u>See</u>, <u>e.g.</u>, <u>United States v.Daniels</u>, 772 F.2d 382 (7th Cir. 1985); <u>United States v.Yeaple</u>, 605 F.Supp. 85 (M.D.Pa. 1985).

 Here, the Court concluded that the defendant is an unacceptable flight risk.  His real identity is unknown and he appears to have come to this country through fraudulent means.  There are no conditions short of actual custody to safeguard against either flight or non-appearance, especially in view of his insignificant ties to the central Ohio area (or even the United States) and his strong ties to Pakistan.  This risk is even more pronounced based on the likelihood that he will face deportation proceedings.  For all of these reasons, the Court detained him without bond pending further proceedings.

 The defendant is advised of his right to seek review of this

2

order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

>                             /s/ Terence P. Kemp
>                             United States Magistrate Judge